**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

TAWAYNE DEVONE LOVE,

              Petitioner,

v.                                  CIVIL ACTION NO.  2:08-cv-00192
                                           (Criminal No. 2:03-cr-00187-01)

UNITED STATES OF AMERICA,

              Respondent.

**MEMORANDUM OPINION & ORDER**

Pending before the court are several motions from the petitioner:  a Petition to Vacate, Set Aside, or Correct Sentence [Docket 564]; an Amended Motion to Dismiss [Docket 538]; a Motion to Vacate, Set Aside, or Correct Sentence [Docket 592]; a Motion for Summary Judgment [Docket 637]; a Motion for Hearing [Docket 642]; a Motion for Sanctions [Docket 652]; and a Motion to Alter and/or Amend the Original Petition [Docket 660].  This matter was referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for submission to this court of proposed findings of fact and recommendation ("PF&R") for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  The Magistrate Judge has submitted findings of fact and recommended that the court deny the petitioner's Amended Motion to Dismiss [Docket 538]; Petition [Docket 564]; Section 2255 Motion [Docket 592]; Motion for Summary Judgment [Docket 637]; Motion for Evidentiary Hearing [Docket 642]; Motion for Sanctions [Docket 652] and Motion to Alter and/or Amend the Petition [Docket 660], and dismiss this matter from the docket.

The petitioner timely filed written objections to the Magistrate Judge's findings of fact and recommendation. Having reviewed the petitioner's objections *de novo*, the court **FINDS** that they ultimately are without merit. The court agrees with and adopts the thorough analysis of the Magistrate Judge. The court **DENIES** the petitioner's pending motions [Dockets 538, 564, 592, 637, 642, 652, and 660].

The petitioner's argument that the United States breached its plea agreement merits some discussion. The petitioner claims that the United States breached its promise to "make no recommendation, as to a specific sentence," (Plea Agreement [Docket 2067] ¶ 9) when Assistant United States Attorney File stated at the sentencing hearing:

> . . . [W]ith regard to sentencing . . . it's our view that a sentence within the guideline range, although extremely high, is appropriate under the circumstances and would be a reasonable sentence given this defendant's prior conduct and the circumstances of the offense.

(Tr. Sentencing Hr'g [Docket 454] at 54.) The petitioner argues that the United States violated the plea agreement by making this statement. (Pet. at 84 [Docket 564].) He directs the court's attention to the tenth paragraph of the plea agreement, which states: "If either the United States or Mr. Love violates the terms of this agreement, the other party will have the right to void this agreement." (Plea Agreement ¶ 10.) The petitioner argues that he has the right to void the agreement, and requests a retrial. (Pet. at 84.)

The Magistrate Judge concluded that "[i]t is plain that AUSA File did not any recommendation as to a specific sentence. . . . By merely stating that the applicable guideline range was 'reasonable,' Mr. File complied with the plea agreement." (PF&R [Docket 666] at 23-24.) The petitioner objects, arguing that a recommendation of a sentence within the guideline range is "specific" so as to violate

the plea agreement as it would be reasonably understood by a defendant. (Objections to PF&R [Docket 672] at 6-7.)

Before *United States v. Booker*, 543 U.S. 220 (2005), and its progeny were decided, the federal sentencing guidelines were mandatory. If the United States had recommended sentencing within the guideline range before *Booker* was decided, such a recommendation would not be a "specific sentence" at all, because such a recommendation, even if followed, would not narrow the sentencing judge's discretion in this matter. But now that the sentencing guidelines are discretionary, a recommendation of "a sentence within the guideline range" does provide some specificity in sentencing.

Nevertheless, I find that Mr. File's recommendation was not "specific" enough to violate the plea agreement. *See, e.g., United States v. Moore*, 931 F.2d 245, 250 (4th Cir. 1991) (noting that the defendant "did not have a reasonable basis to believe that the prosecutor's promise to refrain from recommending a *specific* sentence protected him from remarks calculated to induce the Court to issue a *severe* prison term"); *United States v. Cook*, 170 F.Supp.2d 653, 656-58 (S. D. W. Va. 2001) (concluding that the government's advocacy for an upward departure did not breach its agreement to "make no recommendation . . . as to a specific sentence"); *Cook*, 170 F.Supp.2d at 656 n.2 (noting the need to give meaning to the word "specific" in the plea agreement). I also note that the sentence imposed, a term of incarceration of 300 months, to run consecutively with an additional 60 months, was below the guideline minimum of 360 months' incarceration, followed by a mandatory consecutive terms of 60 months.

The court has additionally considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial

of a constitutional right." *Id.* § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is **DIRECTED** to forward copies of this written opinion and order to all counsel of record and any unrepresented parties.

ENTER: December 16, 2009

Joseph R. Goodwin, Chief Judge